**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **PEDRO SANCHEZ IBARGUEN ROMERO,** *by his father and natural guardian, Pedro Sanchez Ibarguen Mencos,* | 8:06-CV-1073 (GLS/RFT) |
| Plaintiff, | |
| v. | |
| **STUDY GROUP, INC.,** *individually and d/b/a Study Group*; **STUDY GROUP, LLC,** *individually and d/b/a Study Group*; **ELIZABETH BACQUE**; **JACQUE BACQUE**; *and* **SETON CATHOLIC CENTRAL HIGH SCHOOL,** | |
| Defendants. | |

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Ras Associates PLLC<br>Ten Bank Street<br>White Plains, NY 10606 | LUIS FRANCISCO RAS, ESQ. |
| **FOR THE DEFENDANTS:** | |
| **Study Group, Inc., and Study Group, LLC**<br>Eustace, Marquez Law Firm<br>1311 Mamaroneck Avenue | JOHN R. MARQUEZ, ESQ. |

White Plains, NY 10605

**Elizabeth Bacque and**
**Jacque Bacque**
Epstein, Mahon Law Firm         JONATHAN R. WALSH, ESQ.
565 Taxter Road
Elmsford, NY 10523

**Seton Catholic Central**
**High School**
Stafford, Owens Law Firm         THOMAS W. PLIMPTON, ESQ.
One Cumberland Avenue
Plattsburgh, NY 12901

**Gary L. Sharpe**
**U.S. District Judge**

## SUMMARY ORDER

This suit arises out of allegations that plaintiff Romero was rendered legally blind in his left eye when he was shot in that eye by a paintball due to the negligence of the defendants herein. The court's jurisdiction is predicated on 28 U.S.C. § 1332. Presently before the court are all parties' motions for summary judgment.

The court first addresses the defendants' independent liability for Romero's injury. New York law requires that a plaintiff in a negligence action establish that: "(1) the defendant owed it a cognizable duty of care; (2) the defendant breached such duty; and (3) the plaintiff suffered

damages as a proximate result of this breach." *Solomon v. City of New York*, 66 N.Y.2d 1026 (1985).  As there are disputed issues of fact going to each of these elements that must be resolved by a jury, the court denies all defendants' motions for summary judgment insofar as they seek dismissal of the independent negligence claims against them.

However, resolution of certain other aspects of the motions is desirable.  As such, the court next addresses plaintiff's request that the court find the Bacques negligent *per se* for violating New York Penal Law § 265.05, which prohibits, *inter alia*, the possession of air guns, including paintball guns, by persons under the age of 16.  *See, e.g., DiSilvestro v. Samler*, 821 N.Y.S. 2d 632 (2d Dep't 2006) (holding that paintball guns fall within the ambit of § 265.05).   While not raised by the parties, the court notes that the Bacques' actual statutory violation here arises not under § 265.05, but under § 265.10(5), which prohibits the disposal of airguns to those under the age of 16.

Violation of a statute constitutes negligence *per se* if the statute imposes a specific duty on the defendant and the plaintiff is in the class of people the statute is intended to protect.  See *Elliott v. City of New York*, 95 N.E.2d 760 (N.Y. 2001).  However, violations of statutes which do not meet

3

this criteria, or of ordinances and rules, generally constitutes only evidence of negligence.  *See id.*

A defendant's *per se* negligence establishes only that a duty was owed and breached.  *See Armstrong v. Brookdale Univ. Hosp. and Med. Ctr.*, No. 98 CV 2416, 2002 WL 13222, at *7 (E.D.N.Y. Jan. 3, 2002) (quoting *Dance v. Town of Southampton*, 467 N.Y.S. 2d 203, 206 (2d Dep't 1983)).  It does not establish causation.  As such "[n]egligence *per se* is not liability *per se*," contrary to plaintiff's apparent belief.  *Dance*, 467 N.Y.S. 2d at 206.  Thus, even were the court to enter an order finding the defendants herein *per se* negligent, Romero would still bear the burden of proving to the jury that the statutory violation was the proximate cause of his injury, and addressing attendant issues of comparative negligence and damages.  *Id.*

In any event, the sole Appellate Division opinion to address the present issue has found that parental provision of paintball guns to minors in violation of §§ 265.05 and 265.10 constitutes only evidence of negligence.  *See DiSilvestro*, 821 N.Y.S. 2d at 632.  Plaintiff has presented no basis to reject this holding.  Accordingly, the court adopts it and finds as a matter of law that the Bacques' violation of §§ 265.05 and 265.10 is only

4

evidence of their negligence.

Next the court addresses plaintiff's motion to the extent it seeks an order holding that Seton was Study Group's agent. As plaintiff recognizes, an agency relationship exists where:

> *it is understood that the primary obligation of one party is to act for the benefit of the other*. [Additionally,] it must be shown that a person was given the explicit or implied power to bind the principal or negotiate a transaction, *and was under such control or influence of the principal as to suggest an agency relationship*.

2A N.Y. JUR. 2D *Agency* § 20 (2008) (emphasis added). Here, however, Romero has presented absolutely no evidence that the Study Group defendants had any control over the manner in which Seton conducted its international student program. In addition, it is clear that Seton's primary obligation in the current instance was not to act on Study Group's behalf. Rather, in accepting, placing and monitoring international students, Seton was indisputably acting for its own benefit and profit in receiving the tuition payments from such students. Accordingly, the court finds as a matter of law that Seton was not the agent of the Study Group defendants. Therefore the Bacques, having been appointed as a host family by Seton, cannot be considered Study Group's sub-agents. *See* 2A N.Y. JUR. 2D

5

*Agency* § 165 (2008).

Finally the court finds as a matter of law that the Bacque defendants are not entitled to indemnification or defense from Seton, as the Bacques have presented no basis for a finding that Seton owes them such a duty.

The remaining motions are denied in light of disputed facts which must be resolved by a jury.

**IT IS SO ORDERED**.

**Dated: July 16, 2008**

*Gary L. Sharpe*
U.S. District Judge